**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TELA BIO, INC.**, a Delaware Corporation, **ANTHONY KOBLISH**, an Individual, and **MAARTEN PERSENAIRE**, an Individual, <br><br>Plaintiffs,<br><br>v.<br><br>**FEDERAL INSURANCE COMPANY**, an Indiana Corporation,<br><br>Defendant. | Civ. Action No.: 16-866 (FLW)(DEA)<br><br>**OPINION** |

**WOLFSON**, **United States District Judge:**

Plaintiffs Tela Bio, Inc. ("Tela Bio"), Anthony Koblish and Maarten Persenaire (the "Individual Plaintiffs") (collectively, "Plaintiffs") bring this declaratory judgment action seeking a declaration that Defendant Federal Insurance Company ("Defendant") is obligated to defend Tela Bio against claims asserted by a third-party corporation in a New Jersey state court action, pursuant to an insurance policy issued by Defendant.  Presently before the Court is Defendant's motion to transfer venue in this action to the Eastern District of Pennsylvania, or in the alternative, to dismiss Plaintiffs' complaint for failure to state a claim, as well as Plaintiffs' motion for partial summary judgment.  For the reasons set forth below, Defendant's motion to transfer venue to the Eastern District of Pennsylvania is granted, and its motion to dismiss, as well as Plaintiffs' motion for partial summary judgment, are denied without prejudice.  The parties may refile their respective dispositive motions after the instant matter is transferred to the Eastern District of Pennsylvania.

1

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Tela Bio is a Delaware corporation with its principal place of business in Malvern, Pennsylvania, a suburb of Philadelphia. Pls.' Compl. at ¶ 1. In 2012, the Individual Plaintiffs, who are residents of Pennsylvania, formed Tela Bio, a regenerative medicine company that develops and manufactures hernia repair products. Id. at ¶¶ 2, 10. After Tela Bio's formation, Defendant issued Tela Bio a Commercial General Liability Insurance Policy, Policy No. 3598-32-51 PLH (the "Policy"), effective from January 18, 2013 through January 18, 2014. Id. at ¶ 8; Ex. 1. While Defendant is located in Warren, New Jersey, Tela Bio negotiated the terms of the Policy with Aon Risk Services Central, Inc. ("Aon"), an insurance broker located in Philadelphia, Pennsylvania. Id. at ¶ 12; Ex. 1. In pertinent part, the Policy provides coverage for personal injury, which is defined as:

> **Personal injury** means injury, other than **bodily injury**, **property damage** or **advertising injury**, caused by an offense of:
>
> * * *
>
> D.     electric, oral, written or other publication of material that:
>
>     1.     libels or slanders a person or organization (which does not include disparagement of foods, products, property or services); or
>
>     2.     violates a person's right of privacy.

Id. at ¶ 9; Ex. 1. In March 2015, LifeCell Corporation ("LifeCell"), which is also a regenerative medicine company that a specializes in hernia repair products, brought suit against Tela Bio in the Superior Court of New Jersey (hereinafter, the "LifeCell Lawsuit").[1] Id. at ¶¶ 10-11; Ex. 2. In general, LifeCell alleges that Tela Bio poached approximately twenty former LifeCell employees in an effort to develop and manufacture a competing hernia repair product. Id. at ¶¶ 6, 11; Ex. 2.

---

[1] LifeCell has its principal place of business in Somerville, New Jersey.

2

In addition, LifeCell asserts that Tela Bio misappropriated LifeCell's proprietary information and trade secrets. Id.

In response to the LifeCell Lawsuit, Tela Bio provided Aon with written notice of the pending action, pursuant to the terms of the Policy. Id. at ¶ 12; Ex. 1. Shortly thereafter, Tela Bio also provided written notice to Defendant. Id. In those written notices, Plaintiffs requested that Defendant defend Tela Bio in connection with the LifeCell Lawsuit. Id. at ¶ 12; Ex. 3. While Defendant acknowledged receipt of the notices, before it could deny coverage, Tela Bio filed this declaratory judgment action on February 17, 2016. Id. at ¶¶ 12-13. In their Complaint, Plaintiffs assert that Defendant "is obligated under the Policy to defend Tela Bio against the claims made in the LifeCell Suit," and that Defendant must "reimburse Tela Bio for all attorneys' fees and costs incurred in the LifeCell Suit." Id. at ¶¶ 37-38.

Specifically, Plaintiffs alleges that Defendant has a duty to defend because LifeCell asserts allegations that could potentially implicate personal injury coverage for publication of libel or slander, such as: (i) Tela Bio allegedly insinuated that LifeCell had a toxic work environment and it lacked continued viability, see id. at ¶¶ 17-27; (ii) Tela Bio allegedly questioned LifeCell's ability to perform based on the loss of approximately twenty LifeCell employees, see id. at ¶¶ 28-31; (iii) LifeCell alleges that Tela Bio will most likely misrepresent LifeCell's intellectual property rights to the detriment of LifeCell's reputation, and that Tela Bio will most likely link its substandard product to LifeCell's hernia repair product, which is called Strattice, see id. at ¶¶ 32-34; and (iv) Tela Bio allegedly represented that its product is superior to LifeCell's hernia repair product because Tela Bio markets its product as the "next generation Strattice," see id. at ¶ 35.

On March 16, 2016, Plaintiffs moved for partial summary judgment. Shortly thereafter, Defendant filed a motion to transfer venue to the Eastern District of Pennsylvania, or in the

alternative, a motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. Defendant then filed a brief in opposition to Plaintiffs' motion for partial summary judgment, and Plaintiffs likewise filed their brief in opposition to Defendant's motions. Because I find a transfer is appropriate, my Opinion here is confined to that issue.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), even if the original venue is proper, a court may elect to transfer an action to another venue where it might have been brought. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district... where it might have been brought."). When deciding a motion to transfer venue, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice)." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); see 28 U.S.C. § 1404(a). Instead, courts have also considered "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be served by transfer to a different forum." Jumara, 55 F.3d at 879 (internal quotations and citation omitted). These factors fall into two categories. The first category is private interests, which include:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. (citations omitted). The second category is public interests, which include:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

4

Id. at 879-880 (citations omitted). Before reaching the interests, however, a court must determine whether the requested venue is proper. See Clark v. Burger King Corp., 225 F. Supp. 2d 334, 337 (D.N.J. 2003) ("The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district."). Finally, "[t]he moving party has the burden of persuasion on a motion to transfer." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 520 (D.N.J. 1998).

### III. DISCUSSION

Defendant argues that Plaintiffs' declaratory action should be transferred to the Eastern District of Pennsylvania because Plaintiffs' insurance coverage claim arose in that State. In particular, Defendant contends that: (i) Tela Bio has its principal place of business in Pennsylvania; (ii) the Individual Plaintiffs are residents of Pennsylvania; (iii) while Defendant has its principal place of business in New Jersey, Plaintiffs and Aon negotiated the Policy in Pennsylvania; and (iv) Plaintiffs executed the Policy in Pennsylvania. Moreover, Defendant contends that LifeCell does not allege that Tela Bio committed wrongful acts in New Jersey. To the contrary, Defendant maintains that, based on LifeCell's allegations, Tela Bio or its representatives made libelous or slanderous comments from Pennsylvania. Finally, Defendant argues that the Eastern District of Pennsylvania has a local interest in deciding this dispute, since the insureds are residents of Pennsylvania, and the issues would be decided under Pennsylvania law.

In opposition, Plaintiffs argue that the District of New Jersey is the appropriate forum, because it is Plaintiffs' chosen forum. Plaintiffs further argue that all of the central facts underlying their insurance coverage claim occurred in New Jersey. For instance, Plaintiffs argue that LifeCell alleges that Tela Bio made libelous and slanderous comments against LifeCell, a New Jersey corporation. In addition, Plaintiffs contend that the LifeCell Lawsuit, as well as the related

5

evidence, is located in New Jersey, and thus, the State of New Jersey has a great interest in adjudicating the instant coverage action stemming from the underlying state court allegations that Tela Bio caused direct harm to a New Jersey corporation and residents.

### (i) Propriety of Venue in Transferee District

First, the Court must consider whether this action could have been brought in the Eastern District of Pennsylvania. In regard to a civil action based on diversity of citizenship, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2); see Tischio, 16 F. Supp. 2d at 516. To determine the judicial district in which a breach of an insurance contract occurred, a court should consider "the location of the contract's negotiation, execution and performance," as well as the location of the breach. Al-Ghena Int'l Corp. v. Radwan, 957 F. Supp. 2d 511, 523 (D.N.J. 2013); see Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 516 (3d Cir. 2012) (stating that a breach of a duty to defend an insured is a breach of the insurance contract); see also MIIX Ins. Co. v. Associated Women's Health Specialists, No. 07-1635, 2007 U.S. Dist. LEXIS 85274, at *17 (D.N.J. Nov. 19, 2007) (stating that a court should consider where "the negotiation and formation of the contract occurred," including where the insured and insurance broker transacted business, as well as the residence of the insured); Harleysville Ins. Co. v. Clark, No. 05-5566, 2006 U.S. Dist. LEXIS 97152, at *17 (D.N.J. July 21, 2006); On-Time Staffing, LLC v. Flexible Staffing Solutions, Inc., No. 06-3951, 2007 U.S. Dist. LEXIS 30773, at *17 (D.N.J. Apr. 25, 2007).

In the instant matter, the Individual Plaintiffs, who are the policyholders, reside in Pennsylvania, and Tela Bio has its principal place of business in Pennsylvania. While the Policy was issued by Defendant, which has a principal place of business in New Jersey, it is undisputed that Plaintiffs negotiated the insurance contract with Aon in Pennsylvania, and it appears that

Plaintiffs also executed that contract in Pennsylvania. Indeed, Plaintiffs sent a written notice of the pending lawsuit to Aon in Pennsylvania, as directed by the Policy. Accordingly, I conclude that the Eastern District of Pennsylvania is a proper venue because a substantial part of the events giving rise to Plaintiffs' insurance coverage dispute occurred in that District.

### (ii) Private Factors

Plaintiffs argue that their choice of forum should be entitled to great weight, since they chose to file the instant action in the District of New Jersey. In general, "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). However, the plaintiff's "choice of forum is accorded less weight when the chosen forum is not the plaintiff's home forum." LG Elecs., Inc. v. First Int'l Computers, Inc., 138 F. Supp. 2d 574, 589 (D.N.J. 2001); see NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 321 (D.N.J. 1998) (stating that "a plaintiff's choice of a foreign forum is generally accorded less weight than the choice of a home forum."); see Am. Tel. & Tel. Co. v. MCI Commc'n Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990). Because Plaintiffs decided to file the instant matter in a foreign jurisdiction, their choice of forum is not entitled to substantial weight.

In addition, "courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state." Santi v. Nat'l Bus. Records Mgmt., LLC, 722 F. Supp. 2d 602, 607 (D.N.J. 2010); see NCR Credit Corp., 17 F. Supp. 2d at 321 ("[W]hen the central facts of a lawsuit occur outside the chosen forum, plaintiff's choice of forum is accorded less weight."); LG Elecs., Inc., 138 F. Supp. 2d at 590 ("Another important factor weighing against plaintiff's choice of forum is the location of the operative facts of the litigation."); see also Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 228 (D.N.J.

1996).  As discussed supra, the operative facts of the instant insurance coverage dispute occurred in Pennsylvania.

To reiterate, Plaintiffs' claims against Defendant arose in Pennsylvania.  See Jumara, 55 F.3d at 879 (stating that a court should consider "whether the claim arose elsewhere").  The Plaintiffs, who are located in Pennsylvania, negotiated and executed the Policy in Pennsylvania with a Philadelphia located broker, Aon.  Thus, this factor strongly weighs in favor of transfer, since Plaintiffs have no meaningful connection with the State of New Jersey with regards to the insurance policy at issue.[2]  See Peikin v. Kimmel & Silverman, PC, 576 F. Supp. 2d 654, 660 (D.N.J. 2008) (stating that transfer is appropriate when "New Jersey is neither Plaintiff's home forum, nor the forum in which the central facts of this lawsuit occurred.").

Moreover, while the two venues are geographically close, the convenience of the parties and the witnesses weigh in favor of transfer.  With regard to the parties, the Eastern District of Pennsylvania is more convenient than the present forum, particularly since Tela Bio has its principal place of business in Malvern, Pennsylvania – a suburb of Philadelphia, and the Individual Plaintiffs are residents of Pennsylvania.  In addition, as to the coverage negotiated by the relevant parties, witnesses from Tela Bio are located in Pennsylvania, as are Aon employees.[3]  Thus, the Eastern District of Pennsylvania is a more convenient location.

Relatedly, although its principal place of business is in this District, Defendant has expressed a preference to litigate this matter in the Eastern District of Pennsylvania, which is a

---

[2] As discussed, infra, the pendency of the LifeCell Lawsuit in this State does not weigh against transfer.

[3] I note that the parties have not yet identified any witnesses to be called at trial.

factor that also militates in favor of transfer. See Jumara, 55 F.3d at 879 (stating that a court should consider "the defendant's preference").

The final private interest factor is the location of documents that would be necessary for the trial. Here, Plaintiffs do not argue that any of the relevant documents are located in New Jersey. Indeed, it appears that most of the record are located in Pennsylvania, i.e. the Policy and related records. In addition, Aon likely possesses important documents and records, which might shed light on the negotiation process between the parties. Thus, even though it appears that the pertinent documents could be produced in the either forum, this factor weighs slightly in favor of transfer. See Clark, 255 F. Supp. 2d at 339.

### (iii) Public Factors

As to the practical considerations, Plaintiffs contend that the District of New Jersey is the proper venue because the LifeCell Lawsuit is pending in the New Jersey state court. Without a doubt, "[i]t is in the interest of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before tribunals." Clark, 255 F. Supp. 2d at 339 (quoting Job Haines Home for the Aged, 936 F. Supp. at 487). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960). However, "the pendency of another related litigation need not be given any weight if there is no realistic possibility of consolidating the two cases." United States Fire Ins. Co. v. Aldworth Co., No. 04-4963, 2005 U.S. Dist. LEXIS 12613, at *18 (D.N.J. Jun. 28, 2005).

Here, Plaintiffs' argument is misplaced. The instant declaratory judgment action does not involve the same parties as the LifeCell Lawsuit. While Tela Bio is a party to both lawsuits,

9

LifeCell is not involved in the pending insurance coverage dispute. In addition, the instant matter does not involve the same issues as the LifeCell Lawsuit. In the underlying lawsuit, LifeCell asserts various causes of action against Tela Bio, such as a common law tortious interference claims and a statutory claim for unfair competition. In this action, however, Plaintiffs allege that Defendant was obligated to defend Plaintiffs in connection with the LifeCell Lawsuit, based on contractual grounds, i.e. the language of the Policy. Tellingly, Plaintiffs decided to file the instant action in federal court, not the state court where the underlying lawsuit is pending. Therefore, because there is no possibility of consolidating the two pending cases, the parties are not the same, and the issues are different, the location of where the LifeCell Lawsuit is pending should not be given any weight. Thus, this factor is neutral.

Relatedly, Plaintiffs argue that New Jersey has a local interest in deciding local controversies at home, especially since LifeCell alleges that Tela Bio caused direct harm to a New Jersey corporation and residents. However, that is not the relevant inquiry. This is not a lawsuit between Tela Bio and LifeCell. Rather, as discussed supra, New Jersey has little interest in adjudicating the dispute in this case, since the central facts to Plaintiffs' contractual claim for coverage occurred in Pennsylvania, and this matter involves whether Tela Bio, not LifeCell, is entitled to insurance coverage from Defendant. In other words, the effect of this lawsuit is upon the Pennsylvania Plaintiffs, because it will determine whether Plaintiffs, or the Defendant insurer, pays for the costs of defending the LifeCell Lawsuit or any potential verdict. It is of no moment to LifeCell who is responsible for such costs or damages, and thus, LifeCell's interests are not at issue in the transfer balance inquiry. To the contrary, New Jersey has an interest in not adjudicating this dispute because "[t]he burden of jury duty should not be placed on citizens with a remote connection to the lawsuit." National Property Investors VIII v. Shell Oil Co., 917 F. Supp. 324,

330 (D.N.J. 1995); see Tischio, 16 F. Supp. 2d at 526 ("The burden of jury duty ought not to be imposed upon the people of a community which have no relation to the litigation."). Thus, this factor weighs in favor of transfer.

In regard to the remaining public interest factors, the enforceability of the judgment is a neutral factor because "a judgment rendered in either [the District of New Jersey] or the Eastern district of Pennsylvania could easily be registered in another District." Ferratex, Inc. v. U.S. Sewer & Drain, Inc., 121 F. Supp. 3d 432, 442 (D.N.J. 2015). In addition, while the parties have not provided argument as to the congestion of the two respective forums, it appears that this District has similar congestion to the Eastern District of Pennsylvania. See Clark, 255 F. Supp. 2d at 339. The final public interest factor is the familiarity of the trial judge with the applicable state law. At this stage of the litigation, the parties disagree as to whether New Jersey or Pennsylvania law applies in connection with Plaintiffs' claims. However, this factor is also neutral because New Jersey courts are "regularly called upon to apply Pennsylvania law," Calkins v. Dollarland, Inc., 117 F. Supp. 2d 421, 429 (D.N.J. 2000), as are Pennsylvania courts called upon to apply New Jersey law.

Accordingly, after examining the Jumara factors, this Court determines that the interests of justice would be better served by transferring this case to the Eastern District of Pennsylvania. See 28 U.S.C. 1404(a); Jumara, 55 F.3d at 879.

**IV. CONLUSION**

For the foregoing reasons, Defendant's motion to transfer venue to the Eastern District of Pennsylvania is **GRANTED**, and the remaining motions of Defendant and Plaintiffs are **DENIED** without prejudice. The parties may refile their respective dispositive motions after the instant matter is transferred to the Eastern District of Pennsylvania.

11

DATED: October 25, 2016

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge